**Jose DIAZ–MADRIZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

No. 04–75040.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 2008.

Filed June 1, 2009.

Before: THOMAS and PAEZ, Circuit

---

\* Eric H. Holder, Jr., is substituted for his predecessor, Michael B. Mukasey, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Judges, and WALKER **, Chief District Judge.

MEMORANDUM ***

Jose Diaz–Madriz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir.2001), we deny the petition for review.

Providing false testimony with the intent to deceive for the purpose of obtaining an immigration benefit bars a person from proving the good moral character required for cancellation of removal. *See* 8 U.S.C. § 1101(f)(6); *Ramos*, 246 F.3d at 1266. "Section 1106(f)(6) applies to only those misrepresentations made with the subjective intent of obtaining [immigration] benefits." *Kungys v. United States*, 485 U.S. 759, 780, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988). Diaz–Madriz argues that the IJ erred in rejecting his explanation that he lied because did not want his family to learn about his arrest. *See id.* at 780, 108 S.Ct. 1537 (misrepresentations due to embarrassment, fear, or desire for privacy would not fall under § 1101(f)(6)).

However, while Diaz–Madriz explained to the IJ that he had testified falsely because he did not want his family to learn the facts of his arrest, there was substantial evidence to support the IJ's determination that Diaz–Madriz was motivated in part by a desire for a favorable outcome at the immigration proceeding. The IJ stated prior to Diaz–Madriz's false testimony

that his 1996 conviction would not render him statutorily ineligible for cancellation of removal, but that it would be considered in the discretionary phase of the determination. The record indicates that Diaz–Madriz's children left the proceeding and Diaz–Madriz could not recall whether his wife had remained in the courtroom. Diaz–Madriz only recanted when required to provide to the court police reports exposing his false testimony, and the IJ's determination that Diaz–Madriz was not being fully truthful even after recanting is supported by evidence in the record.

**PETITION DENIED.**

---

** The Honorable Vaughn R. Walker, Chief District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

